**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTINA CIORCIARI** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **CLIENT SERVICES, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**COMPLAINT**
**UNLAWFUL DEBT COLLECTION PRACTICES**

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq*. (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq*. (hereafter the "UTPCPL").   These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.  JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III.  PARTIES

4.      Plaintiff Christina Ciorciari is an adult individual residing at 613 Warwick Road, Fairless Hills, PA 19030.

5.      Defendant Client Services, Inc. is a business entity regularly engaged in the business of collecting debts with a principal place for accepting service located at 3451 Harry S Truman Boulevard, St. Charles, MO 63301.  The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

### IV.  FACTUAL ALLEGATIONS

6.      At all pertinent times hereto, Defendant was hired by Chase to collect a debt relating to consumer credit card purchases allegedly originally owed to Chase (hereafter the "debt").

7.      The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

8.      On or about August 14, 2008, a representative, employee and/or agent from Defendant identifying herself as "Crystal" contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt.  During the conversation, Plaintiff informed Crystal that Defendant was not to call her at her place of employment, as such calls were inconvenient to her and her employer did not permit such calls at her place of employment.  Additionally, Plaintiff provided Crystal with her cell phone number to call her so that Defendant would not call her workplace.

9.      In response to the above, on August 14, 2008, Defendant contacted Plaintiff on her cell phone in an attempt to coerce payment of the debt.

2

11.     Notwithstanding the above, on or about August 20, 2008, a representative, employee and/or agent from Defendant identifying himself as "Patrick Davis" contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted, leaving a message on Plaintiff's voicemail.

12.     Notwithstanding the above, on or about August 21, 2008, Mr. Davis again contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.  During the conversation, Plaintiff again stated that Defendant was not to call her at her place of employment, as such calls were inconvenient to her and her employer did not permit such calls at her place of employment.  Mr. Davis replied by threatening to: contact Plaintiff's neighbors; contact her employer's human resources department; and garnish Plaintiff's wages.  Additionally, Mr. Davis falsely indicated that he is permitted to contact Plaintiff at her workplace because she did not pay her debt.  In conclusion, Mr. Davis threatened to send a fax to Plaintiff's place of employment that Plaintiff's employer would find "very interesting."

13.     Notwithstanding the above, on or about August 21, 2008, Mr. Davis again contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.  During the conversation, Mr. Davis asked to speak with "Christine" and was transferred to Plaintiff's co-worker of the same name.  After Mr. Davis disclosed the debt and began discussing the same, Christine explained Mr. Davis was looking for Plaintiff and ended the call.

14.     Notwithstanding the above, on or about August 21, 2008, Mr. Davis contacted Plaintiff's boss, Robert Ennis, in an attempt to coerce Plaintiff's payment of the debt, with the

intent to annoy, harass, and abuse such persons contacted.  During the conversation, Mr. Davis disclosed the debt in such a manner as to cause concern in the mind of Mr. Ennis.

15.     As a result, Mr. Ennis confronted Plaintiff regarding the above conversation. Thereafter, Plaintiff became concerned for the stability of her job.

16.     The Defendant acted in a false, deceptive, misleading and unfair manner by continuing to communicate with the Plaintiff at her place of employment when the Defendant knew or had reason to know that such calls were inconvenient to her and that her employer did not permit such calls at her place of employment.

17.     The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

18.     The Defendant acted in a false, deceptive, misleading and unfair manner when they, without permission, communicated with persons other than debtor on multiple occasions, including but not limited to disclosure of the debt.

19.     Defendant knew or should have known that their actions violated the FDCPA, FCEUA and the UTPCPL.  Additionally, Defendant could have taken the steps necessary to bring their actions within compliance with the FDCPA, FCEUA and the UTPCPL, but neglected to do so and failed to adequately review their actions to insure compliance with said laws.

20.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

21.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

22.     As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, injury to Plaintiff's reputation, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss, and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V.  FIRST CLAIM FOR RELIEF-VIOLATION OF THE FDCPA

23.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

25.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

26.     The above contacts by the Defendant were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

27.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(2), 1692b(3), 1692c(a)(1), 1692c(a)(2), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(4), 1692e(5), 1692e(10) and 1692f, as evidenced by the following conduct:

(a)     Communicating, in connection with the collection of a debt with persons other than the debtor;

(b)     Communicating with persons other than the plaintiff on more than one occasion;

(c)     Communicating with Plaintiff at an unusual time or place or a time or place known or which should be known to be inconvenient for Plaintiff;

(d)     Communicating, in connection with the collection of a debt with persons other than the debtor;

(e)     Communicating with the Plaintiff at Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communications;

(f)     Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(g)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number;

(h)     The representation or implication that nonpayment of a debt will result in the will result in the seizure, garnishment, attachment or sale of any property or wages is not lawful and/or that the defendant did not intend to take;

(i)     Threatening to take action that cannot be legally taken and/or is not intended to be taken; and

(j)     Otherwise using false, deceptive or misleading and unfair or unconscionable   means to collect or attempt to collect a debt.

28.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for plaintiff's rights under the law and with the purpose of coercing plaintiff to pay the alleged debt.

29.     As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)     That an order be entered declaring that the Defendant actions as described above are in violation of the FDCPA;

(b)     That an order be entered enjoining Defendant from continuing to communicate with plaintiff in violation of the FDCPA;

(c)     That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(d)     That judgment be entered against Defendant for statutory damages pursuant

to 15 U.S.C. § 1692k(a)(2)(A);

(e)     That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

(f)     That the Court grant such other and further relief as may be just and proper.

## VI.  SECOND CLAIM FOR RELIEF-VIOLATION OF THE FCEUA AND UTPCPL

30.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31.     Defendant is a "debt collector" as defined by 73 P.S. § 2271.3 of the FCEUA.

32.     Plaintiff is a "debtor" as defined by 73 P.S. § 2271.3 of the FCEUA.

33.     The above contacts made by the Defendant were "communications" relating to a "debt" as defined by 73 P.S. § 2271.3 of the FCEUA.

34.     Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the alleged debt in violation of the FCEUA.  Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

(a)     Communicating, in connection with the collection of a debt with persons other than the debtor;

(b)     Communicating with persons other than the plaintiff on more than one occasion;

(c)     Communicating with Plaintiff at an unusual time or place or a time or place known or which should be known to be inconvenient for Plaintiff;

(d)     Communicating, in connection with the collection of a debt with persons other than the debtor;

(e)     Communicating with the Plaintiff at Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communications;

(f)     Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(g)     The false representation of the amount, character or legal status of a debt;

(h)     The representation or implication that nonpayment of a debt will result in the will result in the seizure, garnishment, attachment or sale of any

property or wages is not lawful and/or that the defendant did not intend to take;

(i)     Threatening to take action that cannot be legally taken and/or is not intended to be taken; and

(j)     Otherwise using false, deceptive or misleading and unfair or unconscionable   means to collect or attempt to collect a debt.

35.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing plaintiff to pay the alleged debt.

36.     As a result of the above violations of the FCEUA and UTPCPL, plaintiff has suffered ascertainable losses entitling Plaintiff to an award of actual, statutory and treble damages and attorney's fees and costs.

WHEREFORE, plaintiff respectfully pray that relief be granted as follows:

(a)     That judgment be entered against the Defendant for actual damages pursuant to 73 P.S. § 201-9.2(a);

(b)     That judgment be entered against the Defendant for statutory damages pursuant to 73 P.S. § 201-9.2(a);

(c)     That judgment be entered against the Defendant for treble damages pursuant to 73 P.S. § 201-9.2(a);

(d)     That the court award costs and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2(a); and

(g)     That the Court grant such other and further relief as may be just and proper.

## VII.   THIRD CLAIM FOR RELIEF – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

38.   As a result of Defendant's reckless and intentional conduct, Plaintiff sustained physical injury as well as mental distress as more fully outlined above.

39.   Due to the reckless and intentional conduct of the Defendant, it was foreseeable that Plaintiff would suffer severe emotional distress, harm to her physical and psychological well-being and physical harm to the present day, as fully outlined above.

WHEREFORE, Plaintiff claims compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in her favor, plus lawful interest thereon.

## VIII.   JURY TRIAL DEMAND

40.   Plaintiff demands trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED,

FRANCIS & MAILMAN, P.C.

BY:   */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
MICHAEL J. SZYMBORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

Dated: May 29, 2009